UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**HEITH PRITCHETT AND AMY PRITCHETT,**  PLAINTIFFS
Parents and Next Friends of K.P.

V.   CIVIL ACTION NO.: 3:21-cv-817-KHJ-MTP

**GREAT ESCAPES PELAHATCHIE, LP d/b/a**   DEFENDANTS
**JELLYSTONE PARK YOGI ON THE LAKE**
**PELAHATCHIE; LEISURE SYSTEMS, INC. AND**
**JOHN DOES 1-10**

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI, NORTHERN DIVISION

Hon. Becky Boyd
215 East Government Street
Brandon, MS 39042
*RANKIN COUNTY CIRCUIT CLERK*

John H. Daniels, III
DYER, DYER, JONES & DANIELS
P.O. Box 560
Greenville, MS 38701

Baskin L. Jones
JONES LAW, P.A.
3417 N. State St.
Jackson, MS 39216
*ATTORNEYS FOR PLAINTIFF*

**NOTICE OF REMOVAL**

Defendant Great Escapes Pelahatchie, LP d/b/a Jellystone Park Yogi on the Lake Pelahatchie, A Foreign Limited Partnership ("Great Escapes" or "Defendant"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby notifies this Court that it is removing the above captioned action currently pending in the Circuit Court of Rankin County, Mississippi to the United States District Court for the Southern District of

Mississippi, Northern Division. In support of this Joint Notice of Removal, Defendant states as follows:

**I.       The Complaint is removable based on 28 U.S.C. § 1332(a)(1).**

1. The federal district court has original subject matter jurisdiction over all "civil actions where the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

2. Defendant carries the burden to establish federal jurisdiction by a preponderance of the evidence. *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir.2000) (citations omitted).

3. On or about November 22, 2021, Plaintiffs Heith Pritchett and Amy Pritchett, Parents and Next Friends of K.P. ("Plaintiffs") filed this lawsuit against Defendants Great Escapes, Leisure Systems, Inc. ("LSI"), and John Does 1-10 ("Doe Defendants") in the Circuit Court of Rankin County, Mississippi, Case No. 21-247. *See* Complaint (State Court Doc. No. 1).

4. Defendant Great Escapes received notice of the lawsuit via counsel's receipt of an email docket tracker alert on November 22, 2021, the date of filing. As of time of this filing, Great Escapes has not been formally served with notice of the summons and complaint.

   **A. For purposes of diversity jurisdiction, the "diversity of citizenship" requirement is met in this case.**

5. Plaintiffs Heith and Amy Pritchett are "adult resident citizens of Washington County, Mississippi," and Plaintiff K.P. is "a minor resident citizen of Washington County, Mississippi." Complaint (State Court Doc. No. 1) at ¶ 1. Therefore, upon information and belief based on the Plaintiffs' Complaint, Plaintiffs are citizens of the State of Mississippi for purposes of diversity jurisdiction.

6. Defendant Great Escapes is a limited partnership. The citizenship of a limited

partnership for purposes of diversity jurisdiction is based upon the citizenship of each of its partners. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Defendant Great Escapes has one partner, Great Escapes Pelahatchie Management, LLC ("GEPM"). *See* Mississippi Secretary of State Certificate of Limited Partnership, *attached hereto as* Exhibit A. GEPM is a limited liability company organized under the laws of the State of Mississippi. *See* Mississippi Secretary of State 2021 LLC Annual Report, *attached hereto as* Exhibit B. The citizenship of a limited liability company for purposes of diversity jurisdiction is based up on the citizenship of all of its members. *See Harvey*, 542 F.3d at 1080. GEPM's sole member is Ricky L. Jenkins, a citizen of Texas. *See id*. Therefore, Defendant Great Escapes is a citizen of Texas for purposes of diversity jurisdiction.[1]

7.      Defendant LSI is "a corporation organized, existing, in good standing and having its principal [place] of business in Milford, Ohio." Complaint (State Court Doc. No. 1) at ¶ 2. For purposes of diversity jurisdiction, the citizenship of a corporation is "that of the state in which it is incorporated and the state where it has its principal place of business." *George v. SI Group, Inc.*, 2021 WL 5095981, at *1 (5th Cir. Nov. 2, 2021) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386 397, n. 6 (5th Cir. 2009). Therefore, upon information and belief based on the Plaintiffs' Complaint, LSI is an Ohio citizen for purposes of diversity jurisdiction.[2]

8.      As to the remaining John Doe Defendants, the citizenship of fictitious parties is to be disregarded by courts in analyzing whether diversity of citizenship exists for purposes of removal. *See Lundy v. Cliburn Truck Lines, Inc.*, 397 F.Supp.2d 823, 828 n.5 (S.D. Miss. 2005).

---

[1] The Complaint incorrectly alleges that Great Escapes is a Mississippi resident. *See* Complaint (State Court Doc. No. 1) at ¶ 4. However, as represented by the Mississippi Secretary of State documents attached hereto and under applicable law, Great Escapes is only a citizen of Texas for purposes of diversity jurisdiction.
[2] The Complaint incorrectly alleges that LSI is a Mississippi resident. *See* Complaint (State Court Doc. No. 1) at ¶ 4. However, under applicable law and based on the Plaintiffs' own pleadings, LSI is a citizen of Ohio for purposes of diversity jurisdiction.

**B. The Complaint demonstrates that Plaintiffs seek damages in excess of the minimum jurisdictional amount of the federal court.**

9. Great Escapes "may sustain [its] burden" to establish that the amount in controversy exceed the jurisdictional threshold "either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Gebbia*, 233 F.3d at 883 (citations omitted).

10. The Complaint generally asserts that, in July 2021, Plaintiffs and their minor, two-year-old child K.P. visited a "camp park and resort" in Rankin County, Miss., operated by (unspecified) Defendants. *See* Complaint (State Court Doc. No. 1) at ¶¶ 6-9, 27.

11. During the visit, K.P. allegedly "came in contact with *E. coli 0157* […] through the use of the facilities, pools, splashpads and otherwise." *Id.* at ¶ 10, 13.

12. Soon after the visit, K.P. allegedly experienced "the typical and usual affects [sic]" of exposure to *E. coli O157*, resulting in "the minor child's admission to Blair Batson Children's Hospital in Jackson, Hinds County, Mississippi, where she was admitted and treated." *Id.*

13. Plaintiffs also allege that the Mississippi State Department of Health has identified "several cases of *E. coli* infections associated with the swimming pool, splashpad and other facilities at the park." *Id.* at ¶ 9.

14. Plaintiffs further allege that "cases of *E. coli* infection are most serious in young children […], striking the immune system in those age populations who are most vulnerable and susceptible to this bacteria." *Id.* at ¶ 11. Plaintiffs state *E. coli* infections are "dangerous, and in some cases lethal," and "can bring about cramps, vomiting, fever, diarrhea and in extreme cases renal failure which may lead to the need for dialysis or otherwise." *Id.*

15. The Complaint sets forth two causes of action: "Count I – Premises Liability" and

"Count II – Negligence." *Id.* at 5-9.

16. Plaintiffs claim that Defendants breached a "duty to uncover and reveal" dangerous conditions existing at the park to protect patrons from *E. coli*, a "harmful [and] potential[ly] lethal pathogen when ingested" that causes "serious health issues to those who are exposed to same." *Id.* at ¶¶ 15-16. Plaintiffs claim that Defendants were not only negligent in failure to exercise reasonable care to protect visitors to the park "from the known transmission and contact with *E. coli*," but also that Defendants "knew or should have known of the outbreak" and yet still failed to maintain the premises in a safe condition, free of bacteria "which has caused the severe injuries from which K.P. is now suffering." *Id.* at ¶¶ 15-20. As such, Plaintiffs allege Defendants were grossly negligent. *Id.* at ¶ 24.

17. Plaintiffs allege that K.P. has "severe and significant damages" and that Defendants' "gross negligence" entitles Plaintiffs to punitive damages. *Id.* at ¶¶ 22, 24.

18. Plaintiffs seek to recover for "past, present and future medical expenses; physical injury; permanent injuries; past, present and future pain and suffering, emotional distress, mental anguish; economic damages; out-of-pocket expenses; loss of enjoyment of life; punitive damages; all other damages of every kind to Plaintiffs to which they are entitled by law; and all injuries and damages shown by the evidence introduced in this case." *Id.* at ¶ 25.

19. To demonstrate that the amount in controversy exceeds the jurisdictional threshold, it is appropriate for defendants to present factually similar cases for the Court's comparison. *See Beichler v. Citigroup, Inc.*, 241 F.Supp.2d 696, 701 (S.D. Miss. 2003) (holding defendants may carry their burden to demonstrate amount in controversy "by presentation of factually similar Mississippi cases" where awards exceeded threshold); *Atkins v. Ferro Corp.*, 314 Fed. App'x 662, 663 (5th Cir. 2009) (courts may "look to similar cases to assist in

determining the amount in controversy"); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (defendants offered "published precedent showing the damages in the instant case and similar cases would probably exceed" the jurisdictional threshold).

20. Comparing Plaintiffs' allegations in this case to similar allegations in other cases within this Circuit, Great Escapes has carried its burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See i.e. Marcel v. Pool Co.*, 5 F.3d 81, 83-84 (5th Cir. 1993) (holding eight-day **hospitalization** for "serious injuries," along with consideration of other serious injury cases, demonstrates the "possibility [plaintiff] may be awarded significant damages, exclusive of the **punitive damages** he seeks […]. [T]he injuries alleged – not to mention the requested exemplary damages – alone could have topped [the jurisdictional] amount."); *Haney v. Continental Cas. Co.*, 2008 WL 5111021, at *1 (S.D. Miss. Dec. 2, 2008) ("[F]ederal courts in Mississippi have held that claims for an unspecified amount of **punitive damages** exceed the jurisdictional amount[.]") (citing, *inter alia*, *Marcel*); *Hertel v. Sears, Roebuck and Co.*, 2010 WL 11527365, at *5 (S.D. Miss. Sept. 16, 2010) (allegations that minor child suffered arm fractures and nerve damage with **permanent injury**, was **hospitalized**, and sought recovery for **past and future "severe pain and suffering"** as well as **punitive damages** were "sufficient to alert defendant Sears that plaintiffs are seeking damages in excess of $75,000, exclusive of costs and interest" for purposes of removal); *Irons v. Glaxo Welcome, Inc.*, 2006 WL 1272797, at *1 (S.D. Miss. May 9, 2006) (finding plaintiffs' allegation that "serious complications" may arise from ingesting particular drug "presumably impl[ies] that they have suffered such complications"; also finding allegations of **intestinal damage**, obstructed bowels, severe constipation, "severe and painful injuries," **hospitalization**, **past and future medical expenses**, physical **pain and suffering**, **mental anguish** and anxiety,

6

and a claim for **punitive damages** renders it "facially apparent from the complaint that, if proven, the damages would far exceed $75,000"); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999) (complaint seeking damages for travel expenses, ambulance trip, six-day **hospital stay, pain and suffering**, humiliation, and temporary inability to do housework was sufficient for lower court to find claims exceeded $75,000); *Easterling v. Smithkline Beecham Corp.*, 2006 WL 1581322, at *2 (S.D. Miss. June 2, 2006) (allegations that, after ingesting irritable bowel syndrome medication, plaintiff sustained **"serious and permanent injuries" including "severe gastrointestinal-related injuries**, and other physical injuries, disability, **mental anguish**, loss of capacity for the enjoyment of life, **expense of hospitalization**, medical and nursing care, and treatment and medical monitoring," as well as lost ability to earn money in the future and **pain and suffering**, and where plaintiff asserted a claim for both compensatory and **punitive damages**, led court to conclude "from the face of the complaint, it is apparent that the amount in controversy as set forth in plaintiffs' allegations of damages exceed the jurisdictional threshold of this court"); *Doss v. NPC Intern., Inc.*, 2010 WL 1759153 (N.D. Miss. April 29, 2010) (plaintiffs' allegations of **food poisoning** and "other **gastric disorders**" stemming from defendants' negligent preparation and storage of food items, where plaintiff sought damages for **emotional distress and mental anguish**, were sufficient to demonstrate amount in controversy exceeded $75,000; "Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000.") (citing cases) (emphasis added to all citations to demonstrate similar allegations to the instant case).

II. **Defendant is timely removing this case to federal court within thirty days after receipt through service "or otherwise" of the initial pleading, under 28 U.S.C. § 1446(b)(1).**

21. Again, Defendant Great Escapes received notice of the lawsuit via its counsel's

receipt of an email docket tracker alert on November 22, 2021, the date of filing. As of time of filing this Notice of Removal, Great Escapes has not been formally served with notice of the summons and complaint.

22.     As such, this notice of removal is timely filed less than thirty (30) days after Defendant Great Escapes received, "through service or otherwise," a "copy of the initial pleading setting forth the claim for relief upon which such action or processing is based." 28 U.S.C. § 1446(b)(1).

### III.    All other procedural requirements are satisfied to remove this case to this Court.

23.     The United States District Court for the Southern District of Mississippi, Northern Division, is the federal judicial district encompassing Rankin County, Mississippi. 28 U.S.C. § 104(b)(1) (stating that the Northern Division of the Southern District includes Rankin County). Therefore, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

24.     Copies of all of the process, pleadings and orders served upon Defendant to date in this action are attached as Exhibit C, as required by 28 U.S.C. § 1446(a).

25.     Defendant has simultaneously provided notice of the removal of this action to Plaintiffs and to the Circuit Court of Rankin County, Mississippi, by filing a "Notice of Filing Removal Notice," together with a copy of this "Notice of Removal," in the Circuit Court of Rankin County, Mississippi, and by serving copies of the same on Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

26.     There are no other defendants to this action who have been served with process and/or whose joinder is required in order to properly effectuate the removal of this action to this Court. *See* 28 U.S.C. § 1446(b)(2)(A).[3]

---

[3] The undersigned counsel for Great Escapes has corresponded with counsel for co-Defendant LSI and has confirmed that LSI has not been served to date. Moreover, at the time of this filing, there is no executed return of

## CONCLUSION

27.  Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the rights of Defendant Great Escapes to assert any defenses available to it. Great Escapes specifically and affirmatively preserves each and every defense generally available to it under applicable law and/or Court rules.

WHEREFORE, Defendant Great Escapes respectfully requests that the above-captioned action now pending in the Circuit Court of Rankin County, Mississippi, be removed to the United States District Court for the Southern District of Mississippi, Northern Division, and that the United States District Court assume jurisdiction over this action and enter such other further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted, this the 22nd day of December, 2021

>  DEFENDANT GREAT ESCAPES
>  PELAHATCHIE, LP d/b/a
>  JELLYSTONE PARK YOGI ON THE LAKE
>  PELAHATCHIE
>
>  By: */s/ Anna Little Morris*
>  BRIAN KIMBALL, MB #100787
>  ANNA LITTLE MORRIS, MB #105299
>
>  ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Phone: 601-985-4487
Fax: 601-985-4500
Email: brian.kimball@butlersnow.com
Email: anna.morris@butlersnow.com

---

service on the docket as to LSI, further demonstrating that LSI has not been served to date. As such, LSI has not yet "been properly joined and served" and therefore is not required to "join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Nevertheless, LSI's counsel has represented to Great Escapes' counsel that, once served, LSI intends to consent to removal of this action to this Court.

## CERTIFICATE OF SERVICE

I, Anna Little Morris, one of the attorneys for Defendant Great Escapes Pelahatchie, LP d/b/a Jellystone Park Yogi on the Lake Pelahatchie, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the online ECF system which provided notice to all counsel of record.

This the 22nd day of December, 2021.

> /s/ Anna Little Morris
> ANNA LITTLE MORRIS